840 So.2d 801 (2003)
Craig L. BOOKER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CA-00268-COA.
Court of Appeals of Mississippi.
March 18, 2003.
*802 Charles E. Miller, McComb, attorney for appellant.
Office of the Attorney General, by Billy L. Gore, attorney for appellee.
Before McMILLIN, C.J., BRIDGES And GRIFFIS, JJ.
BRIDGES, J., for the court.
¶ 1. Following indictments by the grand jury of Hinds County, Craig L. Booker pled guilty to four counts of armed robbery and one count of strong armed robbery. Booker was sentenced to thirty years on each count of armed robbery, and sentenced to five years on the strong armed robbery conviction, all to run concurrently. Booker had a pending federal court charge of which he advised the court and the court ordered the state sentences to run consecutively with the anticipated sentence on the charge pending in the United States District Court.
¶ 2. Booker timely filed his motion for post-conviction relief. Following an evidentiary hearing, Booker's petition was denied. He now files his appeal therefrom.

STATEMENT OF ISSUES
I. WHETHER THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
II. WHETHER THE TRIAL COURT IMPOSED AN EXCESSIVE AND DISPROPORTIONATE SENTENCE ON THE DEFENDANT.
III. WHETHER DEFENDANT'S PLEA WAS KNOWINGLY, FREELY, INTELLIGENTLY, AND VOLUNTARILY MADE.

ANALYSIS
I. WHETHER THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
*803 ¶ 3. Booker argues that he received ineffective assistance of counsel since he was not satisfied with his pleas and his sentence was disproportionate to the sentence given to an accomplice. Booker asserts that he stated in his sentencing hearing that he was dissatisfied with the representation provided by counsel, that counsel knew little about the charges facing him, and that counsel never discussed with him anything regarding defense strategies or the prospect of going to trial. Booker further claims that defense counsel's main purpose was only to steer him into pleading guilty to the charges.
¶ 4. First and foremost, the State argues that all claims introduced by the petitioner were refuted by the hearing and the findings of the trial judge. The State, in defending this first allegation, mentions the Strickland standard for determination of ineffective assistance of counsel though they cite Brooks v. State, 573 So.2d 1350, 1353 (Miss.1990), which also outlines the standard. The State's final argument is that there is no indication in the record other than the allegations of Booker that the performance of defense counsel fell below these standards. In fact, the record supports the exact opposite of Booker's allegations. Booker was well aware of both the maximum and minimum sentences for the crimes charged and that there was a potential for him to receive four consecutive life sentences plus an additional fifteen years. Booker's attorney negotiated an agreement with the prosecution limiting Booker's sentence to only thirty years for each armed robbery and five years for the strong armed robbery, both to run concurrently; a good deal compared to what he could have received. Booker complained that his attorney did not file any motions, did not discuss any defense strategies, and did not review any discovery information, however, Booker failed to provide affidavits of record attesting to the necessity of any motions, the existence of any defenses, or the availability of any worthwhile discovery left undiscovered. As for the coerced confession, Booker freely admitted he never told his lawyer that his interrogators allegedly told Booker that if he signed the confession, "they would go easy on him." This amounts to client nonfeasance, which has nothing to do with defense counsel. Lastly, even during his plea-qualification hearing, Booker told the circuit judge, under oath, that his lawyer did a "good job" on the sentencing aspect of his case and that he was satisfied with the services provided by his attorney.
¶ 5. In Burnett v. State, 831 So.2d 1216, 1220 ¶ 17 (Miss.Ct.App.2002), the Court states that the judge's findings concluding the plea was validly made and that counsel was effective will not be set aside unless the findings are clearly erroneous. The Supreme Court of the United States in the case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), clearly set the guidelines for judicial determination of cases involving effective or ineffective assistance of counsel. There are two components that Booker must prove in order for his claim of ineffective assistance of counsel to prevail and require reversal of his conviction. First, Booker must show that his "counsel's performance was deficient." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Second, Booker must show the "deficient performance prejudiced the defense." Id. This requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. In regards to this second prong, Booker must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052; see Leatherwood v. State, *804 473 So.2d 964, 968 (Miss.1985); Stringer v. State, 454 So.2d 468, (Miss.1984). Booker must prove both of these elements in order to succeed on his claim. Id. Each case should be decided based on the totality of the circumstances, that is, by looking to the evidence in the entire record. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990); Stringer, 454 So.2d at 476. The standard of performance used is whether counsel provided "reasonably effective assistance." Leatherwood, 473 So.2d at 968. "There is a strong presumption that counsel's conduct is within the wide range of reasonable professional conduct." Id. at 969. Should we find that Booker's counsel was ineffective, the appropriate remedy is remand for a new trail. Moody v. State, 644 So.2d 451, 456 (Miss.1994).
¶ 6. While the record shows that defense counsel was present at the time of the plea acceptance hearing and the circuit judge's interrogation, there is no evidence which would tend to advance Booker's theory that his attorney was deficient or that he forced Booker to plead guilty. There is nothing in the record to indicate that Booker's attorney did anything more than be available to his client and advise him on the ramifications of pleading guilty versus pleading not guilty and taking his chances at trial. There is no evidence of any such injustice. Lastly, there is nothing in the record that even hints that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. Therefore, Booker has failed to prove at least the second element of the Strickland test, a test in which he must prove both elements in order to prevail on his claim of ineffective assistance of counsel.
¶ 7. Again, the plea hearing transcript negates Booker's assertions against his attorney. After stating that he was not satisfied with his attorney, Booker was asked by the circuit judge to explain why he was dissatisfied. Booker responded that his attorney knew nothing of the case. After explaining that Booker's attorney negotiated for a lesser sentence, the circuit judge again asked if Booker was satisfied and this time he responded that he was satisfied with his attorney. As such, we accept the truth to be the version told by Booker in open court under oath rather than the version in Booker's brief.
II. WHETHER THE TRIAL COURT IMPOSED AN EXCESSIVE AND DISPROPORTIONATE SENTENCE ON THE DEFENDANT?
¶ 8. Another argument presented by Booker was that his sentence was excessive. However, in her opinion and order, Judge Green specifically noted that "all sentences were within the allowable statutory maximums." Booker was involved in five robberies, and he received less time for all five than he would have received for just one.
¶ 9. The court, in Johnson v. State, 461 So.2d 1288, 1292 (Miss.1984), addresses the issue of an excessive or disproportionate sentence by stating "that a trial court will not be held in error or held to have abused its judicial discretion if the sentence imposed is within the limits fixed by statute." Again, Judge Green specifically noted, in her opinion/order that "all sentences were within the allowable statutory maximums." Booker received a sentence of thirty years when there was a potential for the imposition of four consecutive life sentences, plus an additional fifteen years. There is also nothing in the record that would indicate that the sentencing judge unlawfully enhanced the sentence of Booker over Smith.
¶ 10. Additionally, Booker complains that his sentence was disproportionate to *805 the sentence imposed on an accomplice, Jawara Smith. There are no statutes or case law stating that a defendant must receive a sentence proportionate to a sentence imposed on an accomplice. As stated in her memorandum opinion and order, Judge Green explained that sentences between co-defendants are, often times, different. Also, the recommendations in regards to sentencing come from the district attorney's office, and each judge makes an independent determination as to what the sentence should be. The duty of this Court is not to determine the working mind of the sentencing judge or to determine the reasons why the judge gave that sentence to Booker.
¶ 11. This Court is also aware of the gravity of the offenses with which Booker was charged. Armed robbery as well as strong armed robbery are both serious offenses. Booker was not only involved in one, he was in fact involved in no fewer than five robberies.
¶ 12. In conclusion, the sentences imposed on Booker were neither disproportionate nor excessive. There are a number of factors stated in the record that were taken into consideration by the sentencing judge, primarily; (1) the number of charges; (2) Booker's prior criminal record; (3) the seriousness of the offenses; (4) the role of Jawara Smith; (5) Booker's alleged role; and (5) the recommendations given by the prosecution. After considering these factors, coupled with the fact that the sentences were indeed within the allowable statutory maximums, Booker's claim that his sentences were disproportionate and excessive are totally without merit.
III. WHETHER DE FENDANT'S PLEA WAS KNOWINGLY, FREELY, INTELLIGENTLY AND VOLUNTARILY MADE?
¶ 13. Lastly, Booker argues that, but for the ill-informed advice of counsel, he may have taken advantage of the constitutional guarantee of a trial by jury and could have been found guilty of a lesser-included charge. Therefore, he was prejudiced.
¶ 14. In defending this claim the State argues that Booker never raised the issue of voluntariness in his petition for post-conviction relief.
¶ 15. In Brady v. U.S., 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the court stated that a guilty plea can only be entered by "one fully aware of the direct consequences." However, the Court stated in Ballenger v. State, 667 So.2d 1242, 1256 (Miss.1995) that an "assertion on appeal of grounds for an objection which was not the assertion at trial is not an issue properly preserved on appeal." In his petition for post-conviction relief, Booker never raised the issue of voluntariness nor was it presented during the evidentiary hearing. The circuit judge, while finding the pleas were both knowing and intelligent, never specifically addressed the issue of traditional voluntariness. Therefore, as a reviewing tribunal, we should not address it here.
¶ 16. In conclusion, Booker has given this Court no plausible evidence on which we may rely to overturn the decision of the trial judge to accept Booker's plea. The credible evidence before us, including the transcript of the plea hearing, points to the inescapable fact that Booker made his decision to plead guilty on his own, without coercion and without misrepresentation. We do not believe that Booker has met his very heavy burden of proof to show that he did not understand what he was agreeing to or that he was pressured or intimidated into executing the petitions for guilty pleas.
*806 ¶ 17. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.