873 So.2d 163 (2004)
Mitchell Montreal FALCONER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-CP-02042-COA.
Court of Appeals of Mississippi.
May 11, 2004.
Mitchell Montreal Falconer, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. Mitchell Montreal Falconer was indicted as an enhanced penalty drug offender and as a habitual offender for the transfer of cocaine. He pled guilty and was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections. Falconer filed two separate motions for post-conviction relief. These motions were denied. Falconer appeals the denial of these motions.

STANDARD OF REVIEW
¶ 2. "In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was *164 clearly erroneous." Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002).

ANALYSIS
I. Sentence
¶ 3. First, Falconer claims the trial court erred by stating that the amount of cocaine was 0.1 gram when the indictment stated the amount to be less than 0.1 gram. Falconer appears to argue that because the actual amount of cocaine was less than 0.1 gram then he may be charged with either a misdemeanor or a felony under Mississippi Code Annotated Section 41-29-139(c)(1)(A) (Rev.2001). This statute is the basis for his argument that he should have received a maximum sentence of eight years. However, this statute is applicable to the offense of simple possession of controlled substances.
¶ 4. Falconer was indicted and subsequently pled guilty for the transfer of cocaine. Miss.Code Ann. § 41-29-139(a)(1) (Rev.2001). The transfer of cocaine carries a maximum penalty of thirty (30) years in prison. Miss.Code Ann. § 41-29-139(b)(1) (Rev.2001). The enhanced penalty statute allows the sentence to be doubled where a defendant's conviction is a second or subsequent drug offense. Miss. Code Ann. § 41-29-147 (Rev.2001). Because this was Falconer's fourth drug conviction, his sentence could be doubled. Therefore, the imposition of a fifteen year sentence was well within the sixty year maximum sentence. We find no error in the length of his sentence.
¶ 5. Falconer next claims that the trial court erred by not including post-release supervision and a substance rehabilitation program in his sentence. Falconer also asserts that his sentence constituted cruel and unusual punishment.
¶ 6. Our courts have consistently ruled that "[s]entencing is within the complete discretion of the trial court and is not subject to appellate review if it is within the limits prescribed by statute." Nichols v. State, 826 So.2d 1288, 1290 (¶ 10) (Miss. 2002). As previously discussed, Falconer's sentence was well within the sixty year maximum. We find that the trial court properly exercised its discretion in sentencing Falconer.
¶ 7. Finally, Falconer claims the trial court erred by sentencing him to a longer term than his co-defendant. Falconer, by not raising this issue at his sentencing or plea hearing, waived this issue. Collins v. State, 822 So.2d 364, 366 (¶ 5) (Miss.2002).
¶ 8. Notwithstanding the waiver, the facts simply support Falconer's longer sentence. Falconer admitted that he was the drug supplier for his co-defendant. Falconer was indicted and convicted as an enhanced drug offender, subject to a sixty year sentence. His co-defendant was a first time offender, with no prior felony convictions, who faced a maximum thirty year sentence. In addition to his three previous drug convictions, Falconer also had numerous misdemeanor offenses. These factors justify the court's decision to sentence Falconer to a longer term. Thus, we do not find the decision to be clearly erroneous.
II. Ineffective assistance of counsel
¶ 9. Falconer claims his counsel coerced him into pleading guilty by telling him that he could not find a defense for his case. Falconer also asserts he was unaware of his sentencing range and that the district attorney was going to recommend a fifteen year sentence.
¶ 10. To prevail on an ineffective assistance of counsel, the defendant must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced him in such a way that he was *165 denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We review the alleged deficiency by looking at the totality of the circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). An appellate court applies "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Burns v. State, 813 So.2d 668, 673(¶ 14) (Miss.2001).
¶ 11. Falconer has failed to demonstrate that his counsel's performance was deficient. In his plea petition, Falconer affirmed that he was satisfied with the advice of his counsel. The fact that Falconer's counsel informed him that he was unable to find a defense for his case did not amount to deficient performance. Falconer's plea petition clearly stated that the sentencing range for the sale or transfer of cocaine was zero to thirty years, with sixty years for enhanced punishment for a habitual offender. Falconer's attorney filed a certificate that stated that he explained to Falconer the allegations contained in the indictment and the maximum and minimum penalties. The record, therefore, clearly contradicts Falconer's claim that he was unaware of the sentencing range.
¶ 12. Furthermore, Falconer has failed to demonstrate that he would have received a different outcome but for his counsel's actions. Falconer makes no specific allegations of action or inaction on the part of his counsel that resulted in prejudice to his defense. Considering the totality of the circumstances, the performance of Falconer's counsel was neither deficient nor prejudicial. Therefore, Falconer has failed to prove ineffective assistance of counsel.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO HARRISON COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR. *950