BARNES, J.,
for the Court.
¶ 1. Melinda Young’s motion for post-conviction relief was summarily denied by the Circuit Court of Prentiss County. Young appeals arguing that (1) the trial court erred in admitting evidence of a confidential informant used to buy drugs where the informant was an ex-offender who allegedly violated probation by participating in the purchase of drugs from Young, and (2) the trial court erred in giving Young’s co-defendant a lesser sentence when both parties were indicted under the same statute. Finding that the petitioner’s arguments to be both procedurally barred and without merit, we affirm.
STATEMENT OF FACTS
¶ 2. Melinda Young, also known as Lynn Pierce, was charged under two separate indictments with the unlawful sale of a schedule II controlled substance, cocaine, as a habitual offender so that upon conviction, she would be sentenced to the maximum term of imprisonment as an habitual offender under section 99-19-81 of the Mississippi Code. The first indictment also charged a co-defendant, Teresa Beene, in the sale but did not charge Beene as a habitual offender.
¶ 3. Represented by counsel, Young entered a voluntary plea of guilty to both charges after the charges were reduced to eliminate the habitual offender provisions pursuant to a plea agreement with the district attorney and two other charges were retired to the file. In accordance with the recommendation of the district attorney, Young was sentenced on each count to a term of twenty years in the custody of the Mississippi Department of Corrections with twelve years suspended and five years’ post-release supervision. The sentences were ordered to run concurrently. Young filed a motion for post-conviction relief which was summarily denied, Judge Paul S. Funderburk finding Young’s arguments to be invalid and “providing] absolutely no basis for any type of relief.”
STANDARD OF REVIEW
¶ 4. “When reviewing a lower court’s decision to deny a petition for post-conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is *1049 de novo.” Terry v. State, 755 So.2d 41, 42 (¶ 4) (Miss.Ct.App.1999) (quoting Brown v. State, 731 So.2d 595, 598 (Miss.1999)).
ISSUES AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OF A CONFIDENTIAL INFORMANT USED TO BUY DRUGS WHERE THE INFORMANT WAS A PREVIOUS OFFENDER WHO VIOLATED THE TERMS OF HER PROBATION BY PARTICIPATING IN THE PURCHASE OF DRUGS FROM YOUNG
¶ 5. Young cites no legal authority to support her proposition that it was improper for a probationer to participate in the purchase of drugs as a confidential informant and that Young’s plea of guilty was somehow invalidated by virtue of that participation. The Mississippi Supreme Court has held that it is the duty of the appellant to provide authority in support of an assignment of error. Hoops v. State, 681 So.2d 521, 526 (Miss.1996) (citing Kelly v. State, 553 So.2d 517, 521 (Miss.1989); Brown v. State, 534 So.2d 1019,1023 (Miss.1988); Harris v. State, 386 So.2d 393 (Miss.1980)). “Failure to cite legal authority in support of an issue is a procedural bar on appeal.” Carter v. Miss. Dept. Of Corrections, 860 So.2d 1187, 1193 (¶ 17) (Miss.2003) (quoting McClain v. State, 625 So.2d 774, 781 (Miss.1993)). Young’s failure to cite legal authority in support of her position invokes the procedural bar. Notwithstanding the bar, we find Young’s claim to be without merit. By pleading guilty to the charges, Young waived all non-jurisdictional defects. See Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990) (citing Houston v. State, 461 So.2d 720, 723 (Miss.1984); Winters v. State, 244 So.2d 1, 2 (Miss.1971)). Contrary to Young’s allegation that the trial court erred in admitting evidence of the confidential informant, it is clear that no evidence from any confidential informant was ever admitted against her, as she pled guilty to the charges. Young’s contentions are both proeedurally barred and without merit.
II. WHETHER THE TRIAL COURT ERRED IN GIVING YOUNG’S CO-DEFENDANT A LESSER SENTENCE WHEN BOTH PARTIES WERE CO-INDICTED UNDER IDENTICAL STATUTES.
¶ 6. Once again, Young fails to cite any legal authority for her position and is, therefore, proeedurally barred from pursuing it before this Court. We do note, however, that Young’s argument, such as it is, fails to consider a critical distinction between the circumstances of Young and her co-defendant. Young was initially indicted as a habitual offender, and her co-defendant was not. As a habitual offender, Young would have been “sentenced to the maximum term of imprisonment prescribed for such felony,” with no reduction or suspension of such sentence. See Miss. Code Ann. § 99-19-81 (Rev.2000). The record reflects that the maximum sentence for each charge was thirty years. As part of the plea agreement with the district attorney, the indictments were amended to eliminate the habitual offender status of Young. Subsequently, she was sentenced only to twenty years’ imprisonment with twelve of those years suspended.
¶ 7. In Booker v. State, 840 So.2d 801, 805 (¶ 9) (Miss.Ct.App.2003), this Court stated:
There are no statutes or case law stating that a defendant must receive a sentence proportionate to a sentence imposed on an accomplice.... [S]entences between co-defendants are, often times, different. *1050 Also, the recommendations in regards to sentencing come from the district attorney’s office, and each judge makes an independent determination as to what the sentence should be. The duty of this Court is not to determine the working mind of the sentencing judge or to determine the reasons why the judge gave that sentence to [the defendant].
See also Falconer v. State, 873 So.2d 163, 164 (¶ 8) (Miss.Ct.App.2004) (longer term of imprisonment justified for defendant convicted as an enhanced drug offender as compared to co-defendant first time offender). Accordingly, Young’s second contention is also procedurally barred and without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF PRENTISS COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PRENTISS COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.