973 So.2d 319 (2008)
Jamie Lamar MILLER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00563-COA.
Court of Appeals of Mississippi.
January 22, 2008.
*320 Jamie Lamar Miller, appellant, pro se.
Office of the Attorney General by Deshun Terrell Martin, for appellee.
Before KING, C.J., ROBERTS and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. This case is before this Court on appeal from the Winston County Circuit Court's denial of Jamie Miller's petition for post-conviction relief. Finding no error, we affirm.

FACTS
¶ 2. A Winston County grand jury indicted Jamie Miller on March 28, 2006, for three counts of sale of cocaine. The indictment alleged that on March 11, March 16, and March 17, 2005, Miller sold cocaine to a confidential informant of the Mississippi Bureau of Narcotics, in violation of Mississippi Code Annotated Section 41-29-139 (Rev.2005). Miller pleaded guilty on October 19, 2006. The circuit court sentenced Miller to fifteen years on each of the three counts, with five years suspended on each sentence, each followed by five years of probation. All sentences were ordered to run concurrently, giving Miller a total of ten years to serve and five years of probation. He was also ordered to pay a fine of $5,000 on each count, with all but $1,596.50 suspended.
¶ 3. On February 27, 2007, Miller filed a petition for post-conviction relief to reduce his sentence, claiming that his sentence exceeded the maximum allowed by law and that he was convicted under a defective indictment. The circuit court denied his motion on March 12, 2007, without a hearing. Miller now appeals that ruling and asserts the same arguments raised in his motion for post-conviction relief. We find his arguments to be without merit.

DISCUSSION
¶ 4. "In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous." Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002). Questions of law are reviewed de novo. Robinson v. State, 904 So.2d 203, 204(¶ 3) (Miss.Ct.App.2005).
¶ 5. Miller filed his motion for post-conviction relief pursuant to Mississippi Code Annotated Section 99-35-1 (Rev. *321 2007); his motion was denied without a hearing. We find no error in the trial court's failure to hold an evidentiary hearing, as this Court has recognized that a "post-conviction relief petition which meets basic pleading requirement[s] is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that petitioner can prove no set of facts in support of [his] claim which would entitle him, to relief" Taylor v. State, 782 So.2d 166, 168(¶ 4) (Miss.Ct.App.2000) (citing Robertson v. State, 669 So.2d 11, 13 (Miss.1996)) (emphasis added).
¶ 6. Miller's brief is not entirely clear regarding his grounds for relief. Because he devoted much of his brief to discussion of the multi-count indictment statute and specifically requested that his sentence be reduced, we will address both the validity of Miller's indictment and the validity of his sentence.
I. Whether Miller's sentence exceeded the maximum allowed by law.
¶ 7. Miller pleaded guilty to three felony counts of sale of cocaine, a Schedule II controlled substance under Mississippi Code Annotated Section 41-29-115 (Rev. 2005). Under Mississippi Code Annotated Section 41-29-139(b)(1) (Rev.2005), each count of sale of cocaine carries a maximum sentence of imprisonment for thirty years and a fine of no less than $5,000 and no more than $1,000,000. This Court has held that "sentencing is within the complete discretion of the trial court and is not subject to appellate review if it is within the limits prescribed by statute." Falconer v. State, 873 So.2d 163, 164(¶ 6) (Miss. Ct.App.2004) (quoting Nichols v. State, 826 So.2d 1288, 1290(¶ 10) (Miss.2002)). Miller received a lenient sentence of only fifteen years on each count, with five years suspended on each count. Further, he was fined $5,000 for each count, which was all suspended except for $1,000 plus court costs. Miller's sentence falls well within the statutory limits for the sale of cocaine; it is not grounds for post-conviction relief.
II. Whether the multi-count indictment was defective for failing to include the language of the multi-count indictment statute, thereby depriving Miller of due process.
¶ 8. Miller claims that the indictment under which he was convicted was defective for failing to include the language of Mississippi Code Annotated Section 99-7-2(1) (Rev.2007). When two or more offenses may be tried in the same court, they may also be charged in the same indictment if they are based on the same act or transaction or if they are based on separate acts or transactions connected as part of a common scheme or plan. Id. Miller's indictment tracks the language Mississippi Code Annotated Section 41-29-139 (Rev.2005), which is the relevant statute for the crime of sale of a controlled substance. Inclusion of the language found in the multi-count indictment statute was not necessary for the indictment to be valid. This Court has held that "where an indictment tracks the language of a criminal statute it is sufficient to inform the accused of the charge against him." Holifield v. State, 852 So.2d 653, 657(¶ 9) (Miss. Ct.App.2003) (quoting Ward v. State, 479 So.2d 713, 715 (Miss.1985)). Miller's indictment included the relevant language from the statute as well as the applicable statute number. We do not find any defect in his indictment.
¶ 9. Though we find no defect in the indictment, we also find that Miller waived this argument when he entered his guilty plea. "Mississippi's law dictates only two exceptions in which a voluntary guilty plea does not waive a defect. If an *322 indictment fails to charge a necessary element of a crime or if there exists no subject matter jurisdiction, then a guilty plea does not constitute a waiver." Id. at 657(¶ 8) (citations omitted). Further, a "valid, guilty plea operates as a waiver of all non jurisdictional rights or defects which are incident to trial," Id. Miller raises no argument that his guilty plea was invalid.
¶ 10. Finding no error in the circuit court's denial of Miller's motion for post-conviction relief, we affirm.
¶ 11. THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.