GRIFFIS, P.J.,
for the Court:
¶ 1. Calvin Langston appeals the Yazoo County Circuit Court’s dismissal of his motion for post-conviction collateral relief. We find no error and affirm.
FACTS
¶ 2. On September 18, 2006, a Yazoo County Grand Jury indicted Langston and Corey Hazelton for the crime of armed robbery, under Mississippi Code Annotated section 97-3-79 (Rev.2006). On April 12, 2007, Hazelton pleaded guilty as an accessory after the fact to armed robbery, under Mississippi Code Annotated section 97-1-5 (Rev.2006). Hazelton was sentenced to five years in the custody of the Mississippi Department of Corrections *1193 (MDOC) with all five years suspended and five years of supervised probation.
¶ 3. On November 27, 2007, Langston pleaded guilty to armed robbery. He was sentenced to ten years in the custody of the MDOC without eligibility for earned-time release or parole.
¶ 4. On June 25, 2009, Langston filed a motion for post-conviction collateral relief (PCR). The circuit court dismissed the PCR motion without an evidentiary hearing. It is from this judgment that Lang-ston appeals.
STANDARD OF REVIEW
¶ 5. A circuit court’s dismissal of a PCR motion will not be reversed on appeal absent a finding that the trial court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS
¶ 6. Langston’s sole argument is that he was denied due process when he received a tougher sentence than Hazelton. Langston claims that Hazelton was equally culpable in the commission of the armed robbery. Yet Langston complains that Hazelton was allowed to plead guilty to the lesser crime, accessory after the fact, and received only five years suspended and five years of supervised probation.
¶ 7. Langston cites two Florida Supreme Court cases as authority. In both of those cases, the Florida court vacated the defendants’ death sentences because equally culpable co-defendants had received only life imprisonment. See Scott v. Dugger, 604 So.2d 465 (Fla.1992); Slater v. State, 316 So.2d 539 (Fla.1975). These cases are neither binding authority, nor are they persuasive.
¶ 8. Mississippi law does not require that co-defendants receive similar sentences. In Booker v. State, 840 So.2d 801, 805 (¶ 10) (Miss.Ct.App.2003), this Court held:
There are no statutes or case law stating that a defendant must receive a sentence proportionate to a sentence imposed on an accomplice.... [Sjentences between co-defendants are, often times, different. Also, the recommendations in regards to sentencing come from the district attorney’s office, and each judge makes an independent determination as to what the sentence should be. The duty of this Court is not to determine the working mind of the sentencing judge or to determine the reasons why the judge gave that sentence to [the defendant].
This reasoning was reaffirmed in Young v. State, 919 So.2d 1047, 1049-50 (¶¶6-7) (Miss.Ct.App.2005).
¶ 9. Prosecutors have broad discretion to decide which charge or charges to bring against a criminal defendant. Watts v. State, 717 So.2d 314, 320 (¶ 14) (Miss.1998). In this case, the prosecutor made the decision to reduce the charge against Hazelton to accessory after the fact. The record does not show why the prosecutor made that decision, nor does the record give this Court any reason to find that the prosecutor abused his discretion. Indeed, such decision was within the prosecutor’s authority.
¶ 10. Accordingly, we find no merit to this issue. The circuit court did not err by dismissing Langston’s motion without an evidentiary hearing. See Miss.Code Ann. § 99-39-11(2) (Supp.2010).
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL *1194 RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. RUSSELL, J., NOT PARTICIPATING.