RUSSELL, J.,
for the Court:
¶ 1. Danny McGleachie appeals the Washington County Circuit Court’s grant of his motion for post-conviction relief (PCR). He argues that the circuit court erred in reducing his fine from $6,000,000 to only $2,000,000, and that the fine should have been reduced more. Upon review, we find that the $2,000,000 fine was within the limits of the applicable statute. Therefore, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On May 10, 1995, McGleachie was convicted of possession of cocaine with intent to distribute. He was sentenced as a subsequent offender[1] to serve sixty years in the custody of the Mississippi Department of Corrections (MDOC) and ordered to pay a fine' of $6,000,000. This Court affirmed his conviction on direct appeal without published opinion. See McGleachie v. State, 726 So.2d 596 (Miss.Ct.App.1998).
¶ 3. On October 13, 2010, the Mississippi Supreme Court granted McGleachie leave to proceed with his PCR motion in the circuit court, limited to the claim that the $6,000,000 fine was illegal. On December 2, 2010, McGleachie filed a PCR motion, arguing that the $6,000,000 fine exceeded the maximum amount allowed by statute. On May 16, 2011, the circuit court entered an order granting McGleachie’s PCR motion and reduced the fine from $6,000,000 to $2,000,000 in accordance with the applicable statute. McGleachie’s sixty-year sentence was left intact, and he does not dispute his sentence on appeal.
DISCUSSION
¶ 4. McGleachie argues that the circuit court’s reduction of the fine imposed against him from $6,000,000 to $2,000,000 was not a big enough reduction. “This Court has held that ‘sentencing is within the complete discretion of the trial court and is not subject to appellate review if it is within the limits prescribed by statute.’ ” Miller v. State, 973 So.2d 319, 321 (¶ 7) (Miss.Ct.App.2008) (quoting Falconer v. State, 873 So.2d 163, 164 (¶ 6) (Miss.Ct.App.2004)). “As a general rule, a sentence will not [be] disturbed on appeal so long as it does not exceed the maximum term allowed by statute.” Stromas v. State, 618 So.2d 116, 122 (Miss.1993).
¶5. Under Mississippi Code Annotated section 41-29-139(b)(l) (Supp.2011), a person convicted of possession of cocaine with intent to sell or distribute “may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,-000.00), or both[.]” Further, “any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.” Miss. Code Ann. § 41-29-147 (Rev.2009).
¶ 6. McGleachie was fined $1,000,000, which was doubled under section 41-29-147. Thus, the $2,000,000 fine was within the limits prescribed by statute. Therefore, we affirm the circuit court’s order reducing the fine from $6,000,000 to $2,000,000.
¶ 7. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS *166 OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
■ LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.

. McGleachie previously pled guilty to conspiracy on February 18, 1986. McGleachie v. State, 800 So.2d 561, 562 (¶ 2) (Miss.Ct.App.2001). On June 26, 1987, McGleachie entered a plea of guilty to conspiracy to deliver marijuana. Id.