# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01212-COA

**DOMIANO RATCLIFF A/K/A DOMIANO LATORIAN RATCLIFF**        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/29/2014 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DOMIANO RATCLIFF (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KATY TAYLOR GERBER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/21/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Domiano Ratcliff appeals the summary dismissal of his second postconviction-relief (PCR) motion.  We find no error and affirm.

## FACTS

¶2.     On April 12, 2004, Ratcliff, Channin Wilson, and Jessie Wilson entered the home of Steve and Renee Spencer in Forrest County, Mississippi, with the intent to rob them.  Mark Turner, the driver, waited in a car outside.  Inside the home, Channin held a gun to Steve's head and demanded money.  Ratcliff held a gun to Renee's head and demanded her purse.  Steve and Renee complied.  Jessie went into the Spencers' teenage daughter's bedroom,

grabbed her by the arm, and brought her into the room with her parents. The Spencers' two-year-old nephew was also in the house. When Jessie realized that he went to school with the daughter, he ran out of the house. Ratcliff and Channin ordered the family to the back of the house. As the family entered a back bedroom, Ratcliff and Channin shot Steve five times in the back and legs, with at least one shot being fired after Steve fell to the ground. Ratcliff and Channin then fled.

¶3.    Ratcliff, Channin, Jessie, and Turner were each charged in the Forrest County Circuit Court with two counts of armed robbery and one count of aggravated assault. On November 5, 2004, Ratcliff entered a blind guilty plea to all three counts. He was sentenced to twenty years for the first armed-robbery count, twenty years with ten years suspended for the second armed-robbery count, and twenty years for the aggravated-assault count, for a total of fifty years to be served consecutively in the custody of the Mississippi Department of Corrections.

¶4.    In 2006, Ratcliff filed a PCR motion, which was summarily dismissed. It does not appear that Ratcliff appealed the decision. On May 8, 2013, Ratcliff filed a second PCR motion, arguing that his sentence was disproportionate to two of his codefendants' sentences, and seeking to be resentenced accordingly. The circuit court summarily dismissed the motion as successive-writ barred and time-barred. Ratcliff now appeals.

**STANDARD OF REVIEW**

¶5.    "When reviewing a trial court's denial or dismissal of a motion for PCR, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review legal conclusions under a de novo standard of review." *Chapman v. State*, 167 So. 3d 1170,

1172 (¶3) (Miss. 2015).

## DISCUSSION

¶6.     A PCR motion must be filed within three years of the judgment of conviction following a guilty plea. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Ratcliff's judgment of conviction was entered on November 5, 2004, and his second PCR motion was filed on May 8, 2013, well outside the three-year time limit. Thus, his motion is time-barred. His motion is also procedurally barred as a successive writ, as it is his second PCR motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). An exception to the procedural bars is made for errors affecting fundamental constitutional rights. *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). However, "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars. There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Fluker v. State*, 170 So. 3d 471, 475 (¶11) (Miss. 2015) (internal citation and quotation marks omitted).

¶7.     Ratcliff argues that his rights to equal protection and due process were violated because he received a longer sentence than two of his codefendants, Turner and Jessie. According to Ratcliff, Turner and Jessie received ten-year sentences, while he and Channin received fifty-year sentences. The record contains no evidence to support Ratcliff's claim that Turner and Jessie received ten-year sentences. But even assuming Ratcliff's claim is true, it does not establish a constitutional-rights violation. "There are no statutes or case law stating that a defendant must receive a sentence proportionate to a sentence imposed on an accomplice." *Young v. State*, 919 So. 2d 1047, 1049 (¶7) (Miss. Ct. App. 2005) (quoting

3

*Booker v. State*, 840 So. 2d 801, 805 (¶9) (Miss. Ct. App. 2003)). Rather, the circuit judge is to examine each case independently. *Id.* at 1050 (¶7). "Sentences between co[]defendants are, often times, different." *Id.* at 1049 (¶7).

¶8.     Sentencing is within the circuit court's discretion, as long as the sentence imposed falls within the statutory limit. *King v. State*, 857 So. 2d 702, 731 (¶106) (Miss. 2003). The maximum sentence for armed robbery is a sentence less than life, if not imposed by a jury. Miss. Code Ann. § 97-3-79 (Rev. 2014). Ratcliff was sentenced to twenty years each on the two armed-robbery counts, with ten years suspended. He was nineteen years old at the time of sentencing, and there is no evidence that either sentence was a life sentence, based on Ratcliff's age and life expectancy. The maximum sentence for aggravated assault is twenty years. Miss. Code Ann. § 97-3-7(2)(a) (Supp. 2016). Ratcliff was sentenced to twenty years on the aggravated-assault count. The circuit court will generally not be held in error if the sentence imposed is within the statutory limits. *King*, 857 So. 2d at 731 (¶107). We find no error in Ratcliff's sentence.

¶9.     Further, the circuit court had valid reasons for sentencing Ratcliff and Channin to a greater term than Turner and Jessie. Ratcliff and Channin shot one of the victims five times, while Turner waited in the car, and after Jessie had run out of the house. Also, according to Ratcliff, Turner and Jessie pleaded guilty to only one count of armed robbery, and the other counts against them were dropped in exchange for their agreement to testify against the other codefendants. We find no merit to this issue. *See Young*, 919 So. 2d at 1049 (¶7) (affirming greater sentence of codefendant who was a habitual offender); *Booker*, 840 So. 2d at 805 (¶9)

4

(affirming greater sentence of codefendant when the trial judge considered the number of charges against each codefendant, their criminal records, the seriousness of the offenses, their roles in the offenses, and the prosecutor's sentencing recommendations).

¶10. We affirm the circuit court's summary dismissal of Ratcliff's PCR motion as procedurally barred.

¶11. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, WESTBROOKS AND TINDELL, JJ., CONCUR.**