# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01760-COA

**ERIC YOUNG A/K/A ERIC D. YOUNG**          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/17/2016 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | ERIC YOUNG (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 08/14/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., FAIR AND TINDELL, JJ.

### FAIR, J., FOR THE COURT:

¶1. In January 2010, Eric Young pled guilty to armed robbery. He was sentenced to twenty years in the custody of the Mississippi Department of Corrections, with fifteen years to serve, five years suspended, and two years of supervised probation. Young filed a motion for "reconsideration of guilty plea and sentence" two weeks later. The circuit court entered an order denying the motion in 2014.

¶2. Young then filed a petition for post-conviction relief (PCR), claiming that his sentence violated the Equal Protection Clause because his co-defendant had received a more lenient sentence, with just ten years to serve. The circuit court dismissed the petition, noting that

Young's sentence was legal and substantially below the maximum penalty for armed robbery, which is life in prison. Miss. Code Ann. § 97-3-79 (Rev. 2014). The court also noted that disparate sentences for co-defendants do not, by themselves, suggest any constitutional infirmity in either sentence. It quoted our decision in *Young v. State*, 919 So. 2d 1047, 1049-50 (¶7) (Miss. Ct. App. 2005), where this Court held:

> There are no statutes or case law stating that a defendant must receive a sentence proportionate to a sentence imposed on an accomplice. Sentences between co-defendants are, often times, different. Also, the recommendations in regards to sentencing come from the district attorney's office, and each judge makes an independent determination as to what the sentence should be. The duty of this Court is not to determine the working mind of the sentencing judge or to determine the reasons why the judge gave that sentence to the defendant.

(Quoting *Booker v. State*, 840 So. 2d 801, 805 (¶10) (Miss. Ct. App. 2003)).

¶3. On appeal, Young abandons his original claim and raises four new issues: (1) his counsel was ineffective; (2) there has been an intervening decision which would have adversely affected the outcome of his sentence; (3) the circuit court failed to establish that his plea was voluntary; and (4) his constitutional rights were violated. Since Young did not raise these issues in the trial court, we are precluded from reviewing them on appeal. *See Fluker v. State*, 17 So. 3d 181, 183 (¶5) (Miss. Ct. App. 2009). Thus, we affirm the circuit court's dismissal of Young's PCR petition.

¶4. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**

2