822 So.2d 1129 (2002)
Derrick HARRIS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01330-COA.
Court of Appeals of Mississippi.
July 23, 2002.
*1130 Derrick Harris, Pro Se, attorney for appellant.
Office of the Attorney General, by Deirdre McCrory, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES, THOMAS, and BRANTLEY, JJ.
THOMAS, J., for the court.
¶ 1. Derrick Harris, pro se, appeals an order of the Circuit Court of Bolivar County, Mississippi denying his petition for post-conviction relief. Aggrieved, Harris perfected this appeal, raising the following issue as error:
THE LOWER COURT COMMITTED MANIFEST ERROR IN DENYING HARRIS' MOTION FOR POST-CONVICTION RELIEF.
Finding no error, we affirm.

FACTS
¶ 2. On April 17, 1997, Harris pled guilty to armed robbery and was sentenced to serve a term of twelve years in the custody of the Mississippi Department of Corrections. On April 7, 2000, Harris petitioned the lower court for post-conviction relief. The lower court denied this petition.

ANALYSIS

DID THE LOWER COURT COMMIT MANIFEST ERROR IN DENYING HARRIS' MOTION FOR POST-CONVICTION RELIEF?
¶ 3. In his petition for post-conviction relief, Harris claims that he did not voluntarily and intelligently enter a plea of guilty and he received ineffective assistance of counsel.
*1131 ¶ 4. Harris complains that he did not voluntarily and intelligently offer a plea of guilty. A plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss. 1991). Our supreme court held in Alexander v. State, 605 So.2d 1170, 1172 (Miss. 1992), in accord with Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), that a plea is "voluntary and intelligent" when the defendant is advised concerning "the nature of the charge against him and the consequences of the plea." Alexander, 605 So.2d at 1172. Specifically, the defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self incrimination. Boykin, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Further, Rule 8.04 of the Uniform Rules of Circuit and County Court Practice also requires that the trial judge determine that the defendant understands the maximum and minimum penalties to which he may be sentenced. URCCC 8.04. "Trial judges are entitled to place great weight upon a defendant's initial plea under oath." Templeton v. State, 725 So.2d 764, 767(¶ 10) (Miss.1998). The record reflects that the lower court advised Harris as to the nature of the charge against him, the consequences of the plea, and the maximum and minimum penalties to which he might be sentenced. Therefore, this assertion of error is without merit.
¶ 5. In support of his claim that he was subject to ineffective assistance of counsel, Harris claims that his attorney was not adequately prepared for trial, did not investigate the indictment, did not keep Harris informed of the proceedings and misinformed Harris as to the time he would serve.
¶ 6. Harris' claim is addressed under a two-part test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and followed by our supreme court in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). A successful completion of this test is paramount to Harris' argument. Harris bears the burden of demonstrating that both prongs have been met. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). Under Strickland and Stringer, Harris must show that the counsel's performance was so deficient that it constituted prejudice. Strickland, 466 U.S. at 687, 104 S.Ct. 2052; Stringer, 454 So.2d at 477. The asserting party must also show that "but for his attorney's errors, there is a reasonable probability that he would have received a different result in the trial court." Rankin v. State, 636 So.2d 652, 656 (Miss. 1994).
¶ 7. Additionally, there is a strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). The Strickland test is applied with deference to counsel's performance, considering the totality of the circumstances to determine whether counsel's actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The test is to be applied to the overall performance of the attorney. Strickland, 466 U.S. at 695, 104 S.Ct. 2052. With respect to the overall performance of the attorney, "counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy." Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984); Cole v. State, 666 So.2d 767, 777 (Miss. *1132 1995); Scott v. State, 742 So.2d 1190(¶ 14) (Miss.Ct.App.1999).
¶ 8. Harris' claims against his counsel, unsupported by any supporting witnesses, documents, or other evidence, standing alone, are insufficient. Strickland, 466 U.S. at 700, 104 S.Ct. 2052. With this in mind, we find that Harris received effective assistance of counsel. Therefore, this assertion is also without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.