CARLTON, J,
 

 for the Court:
 

 ¶ 1. Carl Holder appeals the dismissal of his motion for post-conviction relief (PCR). Holder claims that: (1) his guilty pleas were not knowingly and voluntarily entered; (2) he received ineffective assistance of counsel; and (3) he was entitled to
 
 *55
 
 an evidentiary hearing on his PCR motion. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. Holder was indicted for the crimes of burglary of a dwelling and capital murder. Holder pleaded not guilty to both charges. Subsequently, the State offered Holder a plea deal that reduced the capital-murder charge to manslaughter; on March 30, 2009, Holder changed both of his previously entered pleas to guilty. Holder was then sentenced to twenty years for manslaughter and twenty years for burglary of a dwelling, with the sentences to run consecutively in the custody of the Mississippi Department of Corrections (MDOC).
 

 ¶ 3. On May 27, 2010, Holder filed a PCR motion in the Jones County Circuit Court arguing that he had entered involuntary and unintelligent pleas and that he had received ineffective assistance of counsel. In support of his motion, Holder attached the following documents: the sworn statement of Quirino Perez Hernandez,
 
 [1]
 
 the investigator’s report, five sworn affidavits of witnesses claiming that they heard Holder’s attorneys tell Holder that he should plead guilty because the district attorney only wanted to prosecute him, the sworn affidavit of a prisoner who witnessed Holder’s co-defendants visiting with the district attorney’s office, and Holder’s sworn affidavit. The trial court dismissed Holder’s PCR motion without holding an evidentiary hearing. Aggrieved, Holder now appeals. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 4. Our standard of review for a dismissal of a PCR motion is well established. We .will not disturb the trial court’s dismissal of a PCR motion unless it is clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App. 2004). However, we review issues of law utilizing a de novo standard of review.
 
 Id.
 
 The trial court may dismiss a PCR motion without an evidentiary hearing where “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Supp.2010).
 

 DISCUSSION
 

 I. Guilty Pleas and Ineffective Assistance of Counsel
 

 ¶ 5. In his first assignment of error, Holder argues that he unintelligently and involuntarily entered his guilty pleas due to the erroneous advise of his attorneys, namely, that the district attorney only sought to prosecute him on the capital-murder charge, rather than any of his other co-defendants, and that if he entered guilty pleas, he would only have to serve twelve years of the forty-year sentence. Holder also claims that his attorneys improperly induced him into entering his
 
 *56
 
 guilty pleas by calling upon five of his family members to convince him to enter pleas of guilt. In response, the State argues that the plea-hearing testimony clearly demonstrates that Holder was aided by two competent attorneys when he entered his knowing and voluntary pleas of guilt.
 

 ¶ 6. The Mississippi Supreme Court has stated:
 

 A guilty plea will be found valid if it is shown to have been voluntarily and intelligently made by the criminal defendant before the trial court.
 
 King v. State,
 
 738 So.2d 240, 241 (Miss.1999). To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea.
 
 Harris v. State,
 
 806 So.2d 1127, 1130 (Miss.2002).
 

 Burrough v. State,
 
 9 So.3d 368, 373 (¶ 11) (Miss.2009).
 

 ¶ 7. The record fails to support Holder’s assertions. The record includes the following exchange, which occurred at Holder’s plea hearing:
 

 PROSECUTOR: Does the defendant himself and through his attorneys admit there is a factual and legal basis for accepting the plea of guilty to manslaughter and to burglary from the State’s evidence?
 

 THOMPSON:
 
 [2]
 
 Yes, we do. We feel based upon the evidence there is a factual and legal basis for the charges.
 

 PROSECUTOR: Mr. Holder, do you agree also?
 

 HOLDER: Yes, sir.
 

 PROSECUTOR: Thank you. Your Honor, that being the case, the State is ready to proceed.
 

 THE COURT: How old ar[e] you?
 

 HOLDER: 22[.]
 

 THE COURT: 22?
 

 HOLDER: Yes, sir.
 

 THE COURT: How far did you go in school?
 

 HOLDER: I got my GED.
 

 THE COURT: Can you read and write?
 

 HOLDER: Yes, sir.
 

 THE COURT: Have you had any kind of drugs or alcohol to consume within the last 48 hours?
 

 HOLDER: No, sir.
 

 THE COURT: Are you telling the Court [that] you want to change your former plea of not guilty to [a] plea of guilty at this time on these two charges because you are guilty as charged?
 

 HOLDER: Yes, sir.
 

 THE COURT: Your attorneys have explained to you that you have a right to a trial by jury and before you could be found guilty the district attorney’s office, after jury selection, would have to present all their evidence to the jury and their testimony by their witnesses. You’d have an opportunity to view any evidence and cross-examine any witnesses. You’d have an opportunity to bring forth your own witnesses if you wanted to present your case and defense.
 

 You’d have a right to take the stand on your own behalf. If you decided at such time as the State had finished its testimony that you did not want to bring any witnesses or that you didn’t want to take the stand, the Court would instruct the jury by written instruction that you had a right to remain silent and that you don’t have to prove anything. That you’re relying
 
 *57
 
 on the State’s case in chief to prove you guilty.
 

 If you were found guilty and you were sentenced by the Court, you’d have a right to appeal to the State Supreme Court any conviction and any sentence by the Court. The Court would appoint you an attorney for that purpose if you couldn’t afford an attorney. When you plead guilty, you waive these rights. Do you understand that[?]
 

 HOLDER: Yes, sir.
 

 THE COURT: The reason [that] I’ve asked you these questions and made these statements to you is because I am required under the law to find out whether or not you enter your plea freely, voluntarily, and intelligently. Do you understand that?
 

 HOLDER: Yes, sir.
 

 THE COURT: Do you feel like you’ve done that?
 

 HOLDER: Yes, sir.
 

 THE COURT: Is there anything you want to say?
 

 HOLDER: No, sir.
 

 THE COURT: Well, the maximum sentence in the charge that’s before the Court of capital murder was — you were not seeking the death penalty, so it would have been life in the — if you were found guilty it would be life in the penitentiary without—
 

 PROSECUTOR: That’s correct, Your Honor. We [are] not seeking the death penalty but life or life without parole was an option for the jury.
 

 THE COURT: And if you were subsequently tried or charged with burglary, the maximum sentence in that would be 25 years.
 

 All this has been explained to you?
 

 HOLDER: Yes, sir.
 

 THE COURT: Do you understand all it? Do you understand all that?
 

 HOLDER: Yes, sir.
 

 THE COURT: Okay. Do you feel like you’ve entered your plea freely, voluntarily, and intelligently?
 

 HOLDER: Yes, sir.
 

 THE COURT: Are you satisfied with your lawyers’ representation and advice?
 

 HOLDER: Yes, sir.
 

 ¶ 8. Based upon our review of the record, we conclude that the record reflects that Holder’s pleas were voluntarily and intelligently entered. The record clearly demonstrates that the trial judge advised Holder of the nature of the charges against him, the consequences of his guilty pleas, and his right to have a jury decide his case. The record shows that the trial judge advised Holder of the consequences of waiving his right to a jury trial. The record further reveals that Holder acknowledged under oath his understanding of the charges against him, the consequences of pleading guilty, and the consequences of waiving his rights. Therefore, we conclude the record reflects that Holder’s pleas were voluntary and intelligent, and the trial court abused no discretion in dismissing Holder’s PCR motion on this basis.
 

 ¶ 9. Holder further claims that his attorneys’ conduct violated his Fifth, Sixth, and Fourteenth Amendment rights. Mississippi Code Annotated section 99-39-9(l)(e) (Supp.2010) requires that a movant furnish the trial court with the affidavits of witnesses who will testify and copies of documents or records that he intends to use in support of his claim. A review of the record reveals that while Holder submitted statements and affidavits of witnesses with his PCR motion, the statements and affidavits furnished by Holder fail to provide support to his contention that a violation of
 
 *58
 
 his constitutional rights occurred. With respect to his ineffective-assistance-of-counsel claim, we further recognize that Holder failed to prove both prongs of the
 
 Strickland
 
 analysis as required to show a violation of one’s constitutional right to effective counsel.
 
 [3]
 
 Holder has failed to present evidence to this Court of his attorneys’ alleged deficiencies and, much less, how the deficiencies would have affected the outcome of his case. Holder cannot overcome the first prong of the two-part
 
 Strickland
 
 analysis; thus, we will not proceed to the second prong of
 
 Strickland. See Havard v. State,
 
 988 So.2d 322, 331 (¶ 25) (Miss.2008) (citing
 
 Foster v. State,
 
 687 So.2d 1124, 1129-30 (Miss.1996)). Moreover, we note that “a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial.”
 
 Mason v. State,
 
 42 So.3d 629, 632-33 (¶ 9) (Miss.Ct.App.2010) (citing
 
 Dennis v. State,
 
 873 So.2d 1045, 1048 (¶ 9) (Miss. Ct.App.2004)). Accordingly, we find that the trial court did not err in dismissing the PCR motion. This issue is without merit.
 

 II. Evidentiary Hearing
 

 ¶ 10. Holder argues that he was entitled to an evidentiary hearing on his PCR motion. We disagree.
 

 ¶ 11. Mississippi Code Annotated section 99-39-9(1) (Supp.2010) provides in pertinent part that a PCR motion must include (1) a concise statement of the grounds for relief, (2) a sworn statement of those facts within the personal knowledge of the prisoner, and (3) a statement of facts outside of the prisoner’s personal knowledge and how or by whom these facts will be proven. The petitioner should attach affidavits of these witnesses and any supporting documents to the motion.
 
 Id.
 

 ¶ 12. Upon receipt of this information, the trial judge must examine “[t]he original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack[.]” Miss.Code Ann. § 99-39-11(1) (Supp.2010). If after doing so, it appears that the mov-ant is not entitled to any relief, the trial judge is authorized to enter an order dismissing the motion without conducting an evidentiary hearing. Miss.Code Ann. § 99-39-11(2).
 
 See Medlock v. State,
 
 49 So.3d 1162, 1163 (¶3) (Miss.Ct.App.2010). The decision to grant or deny an evidentia-ry hearing falls within the discretion of the trial court.
 
 Stovall v. State,
 
 770 So.2d 1019,1021 (¶ 8) (Miss.Ct.App.2000).
 

 ¶ 13. Holder’s argument on this issue is largely an attempt to reargue his foregoing assertions of error that we have previously addressed herein and found to lack merit. Upon review of his motion, exhibits, and the record, we again note that Holder alleged no set of facts in support of
 
 *59
 
 his claim which would entitle him to relief. Therefore, we find no abuse of discretion in the trial court’s dismissal of Holder’s PCR motion.
 

 ¶ 14. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.
 

 [1]
 

 . Hernandez’s statement providing the following:
 

 Sunday morning, March 30, 2008[,] at approximately 12:30 a.m. I was asleep in the same room [that] Fredrico Ramirez Perez [ (the victim) ] was sleeping in. We heard all the yellingf,] and it woke us and scared us. Fredrico got up and ran out into the hall. I put my shoes on. It all happened in seconds. When I got out of the door of my room, I saw a black male that was at Martin Morales’s door. He was in the hallway!,] and the black male saw us all coming out' of our rooms!,] and he ran out of the door of the house. I saw a piece of metal that must have come off the door[,] and I hit him on the back of [his] neck. He held the gun over his shoulder and shot it as he was running. That is the only time [that] I saw the gun. The black male ran out through the yard into the street beside the house.
 

 [2]
 

 . Brad Thompson and Lesile Roussell represented Holder at the trial level.
 

 [3]
 

 . In order to prove ineffective assistance of counsel, a defendant must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced the defendant.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A strong presumption exists that counsel’s performance was effective.
 
 Id.
 
 at 689, 104 S.Ct. 2052. "The two-prong test set forth in
 
 Strickland
 
 to determine whether the defendant has received ineffective assistance of counsel applies to challenges to guilty pleas as well.”
 
 Ivy v. State,
 
 31 So.3d 643, 646 (¶ 15) (Miss.Ct. App.2009) (citing
 
 Kinney v. State, 737
 
 So.2d 1038, 1041 (¶ 8) (Miss.Ct.App. 1999)). The record in this case contains the transcript from Holder’s guilty-pleas hearing. While under oath, Holder stated that he was satisfied with his attorneys' advice and representation. Holder further testified that he was guilty as charged and indicated that he understood the nature of the charges against him. "Great weight is given to statements made under oath and in open court during sentencing.”
 
 Ward v. State,
 
 879 So.2d 452, 455 (¶ 11) (Miss.Ct.App.2003) (quoting
 
 Gable v. State,
 
 748 So.2d 703, 706 (¶ 11) (Miss. 1999)).