ISHEE, J.,
for the Court:
¶ 1. On January 4, 2010, Ralston Jannice pleaded guilty to simple robbery. Pursuant to the plea agreement Jannice was sentenced to serve a term of fifteen years with three years suspended, three years of post-release supervision, and twelve years to serve in the custody of the Mississippi Department of Corrections. On March 10, 2010, Jannice filed a motion for post-conviction collateral relief, and on April 8, 2010, he filed a motion to amend his motion for post-conviction relief.
¶ 2. The motion, filed pro se, alleged that: (1) Jannice had received ineffective assistance of counsel; (2) Jannice was subjected to an illegal sentence; and (3) Jann-ice’s sentence exceeded the statutory maximum. The trial court, on May 7, 2010, issued an order granting his motion to amend and denying Jannice’s amended motion for post-conviction relief. Aggrieved, Jannice appeals.
STANDARD OF REVIEW
¶ 3. “When reviewing a lower court’s decision to deny a petition for post-conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008) (quoting Lambert v. State, 941 So.2d 804, 807 (¶ 14) (Miss.2006)). “However, where questions of law are raised, the applicable standard of review is de novo.” Id.
DISCUSSION
I. Ineffective Assistance of Counsel and Illegal Sentence
¶ 4. Jannice argues that he received ineffective assistance of counsel because *348 his counsel informed him that, he either take a plea to simple robbery pursuant to Mississippi Code Annotated section 9703073 (Rev.2006) or face being convicted of armed robbery and be subjected to the possibility of life in prison pursuant to Mississippi Code Annotated section 97-3-79 (Rev.2006). Jannice also alleges in his appellate brief that his trial “counsel should have known better because Jannice never had a weapon.” Further, Jannice alleges his trial counsel advised a co-defendant and “[sjtate’s witness” who received a lesser sentence. Finally, Jannice asserts that his trial counsel along with the State used illegal tactics improperly to induce fear into Jannice, and as a result, he claims that he received a sentence of eighteen total years, which exceeds the maximum penalty for simple robbery.
¶ 5. The burden of proving ineffective assistance of counsel rests on Jann-ice. In order to establish a claim of ineffective assistance of counsel, Jannice must prove that counsel’s performance was deficient and that his defense was prejudiced by his counsel’s deficient performance. Coleman v. State, 979 So.2d 731, 735 (¶ 14) (Miss.Ct.App.2008) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (198.4)). Under Strickland, there is a strong, but rebutta-ble, presumption that counsel’s performance falls within the range of reasonable professional assistance. Id. (¶ 14) (citing Strickland, 466 U.S. at 689, 104 S.Ct. 2052). “To overcome this presumption, the defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052).
¶ 6. In support of his claim, Jannice offers only his own statements alleging deficiency on the part of his counsel. He provides no affidavits or any other forms of proof whatsoever. “In cases involving post-conviction collateral relief, ‘where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.’ ” Cherry v. State, 24 So.3d 1048, 1051 (¶ 6) (Miss.Ct.App.2010) (quoting Vielee v. State, 653 So.2d 920, 922 (Miss.1995)). Jannice has failed to prove any deficiency on the part of his counsel; therefore, this claim is without merit.
II. Illegal Sentence
¶ 7. In his next allegation, Jannice alleges that he was subjected to an illegal sentence. He alleges that he was induced by fear and deception to plead guilty; therefore, his plea was involuntary, and his sentence was illegal. To support his claim, Jannice argues that he was told he would be tried for armed robbery with a deadly weapon as charged in the indictment and that he could receive a life sentence if he did not plead guilty to simple robbery. He claims that because the elements of armed robbery require a deadly weapon, and because he had no weapon, he could not have received a life sentence.
¶8. Jannice’s allegations are directly contradicted in his sworn plea petition and his statements made under oath before the trial court. Jannice agreed that his trial counsel had advised him of the elements of the crime and that his counsel met his expectations in all aspects of his representation. He also admitted that the factual basis for the charge was correct. While Jannice now asserts that he had no deadly weapon at the time of the crime, the trial court is entitled to place great faith in the validity of sworn statements he made during the plea hearing. See Harris v. State, 822 So.2d 1129, 1131 (¶4) (Miss.Ct.App. 2002). Accordingly, this issue is without merit.
*349 III. Sentence within the Statutory Maximum
¶ 9. Finally, Jannice argues that his sentence exceeded the statutory maximum for simple robbery and claims that the trial court improperly imposed an eighteen-year sentence upon him. Mississippi Code Annotated section 97-3-75 (Rev. 2006) states that the penalty for simple robbery is “imprisonment in the penitentiary for a term of not more than fifteen years.”
¶ 10. While Jannice contends that his sentence, combined with the term of post-release supervision, exceeds the statutory maximum, this is simply not true. Although Jannice was sentenced to a term of fifteen years, three years were suspended. When the three years of post-release supervision are added to the twelve years for which Jannice was sentenced to serve, the resulting fifteen years is within the permissible statutory maximum sentence for simple robbery. Accordingly, this issue is without merit.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.