FAIR, J.,
for the Court:
¶ 1. On August 9, 2008, Amy Buckley, Derrick Rainey, and David Earl Franklin robbed a liquor store at gunpoint in Columbia, Mississippi. All three were indicted by a Marion County grand jury for conspiracy to commit armed robbery under Mississippi Code Annotated section 97-1-1 (Rev.2006), and armed robbery under Mississippi Code Annotated section 97-8-79 (Rev.2006). The first charge was dropped for all three defendants. On April 6, 2009, Buckley pleaded guilty to armed robbery. She was sentenced to twenty-five years, with twenty years to serve and five years of post-release supervision.
¶2. On May 13, 2010, Buckley filed a petition in the Marion County Circuit Court for post-conviction relief. On July 18, 2011, the court ordered the State to file a response. Buckley’s petition was dismissed on May 23, 2012. Buckley now appeals, arguing that her counsel was ineffective and that she received an excessive sentence. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 3. The trial court may summarily dismiss a PCR petition without an eviden-tiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2012). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999).
¶ 4. “When reviewing a [trial] court’s decision to [dismiss] a petition for post conviction relief [an appellate court] will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. Young, 731 So.2d at 1122 (¶ 9).
DISCUSSION
1. Ineffective Assistance of Counsel
II5. To succeed on an ineffective-assistance-of-counsel claim, the petitioner must satisfy the two-pronged test laid out in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468 (Miss.1984). “First, the defendant must show that counsel’s performance was deficient. ... Second, the defendant must show that the deficient performance prejudiced the defense.” Id. at 477 (quoting Strickland, 466 U.S. at 687, 104 S.Ct. 2052). When a defendant pleads guilty, she “must show unprofessional errors of substantial gravity.” Cole v. State, 918 So.2d 890, 894 (¶ 10) (Miss.Ct.App.2006). The defendant must show her counsel’s conduct “proximately resulted in [her] guilty plea, and [that] but for counsel’s errors, [she] would not have entered the plea.” Id.
¶ 6. Buckley contends that her counsel’s failure to object to the search warrant in this case constituted ineffective assistance of counsel. This Court has found that a valid guilty plea “waives any evidentiary issue.” Jefferson v. State, 855 So.2d 1012, 1014 (¶ 11) (Miss.Ct.App.2003) (citing Bishop v. State, 812 So.2d 934, 945 (¶ 39) (Miss.2002)). This waiver includes her constitutional rights against any unreasonable search or seizure. King v. State, 738 So.2d 240, 241 (¶¶ 4-5) (Miss.1999). By pleading guilty, Buckley voluntarily gave up her right to make these *1174 constitutional challenges. This claim is without merit.
¶ 7. Moreover, “[i]n cases involving post-conviction collateral relief, ‘where a party offers only [her] affidavit, then [her] ineffective assistance [of counsel] claim is without merit.’ ” Cherry v. State, 24 So.3d 1048, 1051 (¶ 6) (Miss.Ct.App.2010) (quoting Vielee v. State, 653 So.2d 920, 922 (Miss.1995)). In her argument, Buckley offers only her own statements alleging deficiency on the part of her counsel. Also, Buckley’s allegations on appeal completely contradict her statements that she was satisfied at her guilty-plea hearing and in her guilty-plea petition with her attorney’s performance.
¶ 8. Buckley has not shown that her counsel’s performance was deficient, as required under Strickland. Furthermore, she has not shown that her counsel’s allegedly deficient performance “proximately resulted in [her] guilty plea, and [that] but for counsel’s errors, [she] would not have entered the plea.” Cole, 918 So.2d at 894 (¶ 10). We find this issue to be without merit.
2. Excessive Sentence
¶ 9. Buckley was sentenced to twenty-five years, with twenty years to serve and five years of post-release supervision. Both of Buckley’s codefendants were sentenced to serve more time than Buckley. Franklin was given thirty years for armed robbery, and Rainey was given twenty-five years for armed robbery, plus an additional five years for escape.
¶ 10. Our supreme court has stated that it generally will not challenge the discretion of the trial court in sentencing as long as the sentence falls within the statutory maximum sentence allowed. Mosley v. State, 104 So.3d 839, 841 (¶ 10) (Miss.2012) (citation omitted). However, a sentence that leads to an inference of “gross disproportionality” is subject to attack on Eighth Amendment grounds, applying the three-pronged test set forth in Solem v. Helm, 463 U.S. 277, 290-91, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (overruled in part by Harmelin v. Michigan, 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)). Mosley, 104 So.3d at 841 (¶ 10).
¶ 11. Buckley’s sentence clearly falls within the statutory limits. In sentencing one convicted of the crime of armed robbery, the judge may impose a sentence ranging from three years to a term that is calculated to be less than life based on the defendant’s life expectancy. Roland v. State, 939 So.2d 810, 812 (¶ 7) (Miss.Ct.App.2006). Additionally, the imposition of a maximum sentence is not precluded merely because the defendant is a first-time felony offender. Oliver v. State, 20 So.3d 16, 20 (¶ 5) (Miss.Ct.App.2009). A judge may also impose different sentences on coconspirators. Collins v. State, 822 So.2d 364, 366 (¶ 6) (Miss.Ct.App.2002).
¶ 12. The trial judge noted in his order dismissing Buckley’s PCR motion that the court was not precluded from giving Buckley a maximum sentence of up to one day short of a life sentence based on a calculation of her life expectancy. However, the court imposed a lighter sentence of twenty-five years with twenty years to serve and five years of post-release supervision. In 2009, Buckley’s alleged life expectancy was 81.6 years. She was 35 years old at the time of sentencing, which means she will be 60 years old at the conclusion of her sentence. This is 21.6 years short of her life expectancy.
¶ 13. The trial court also considered Buckley’s age, her major role in the crime, her providing the weapons and getaway *1175 car, and the fact that she was more highly educated than a majority of defendants who come before the court. The trial court stated that these factors, when combined, warranted a sentence as serious as that given to her codefendants. The trial court correctly concluded that Buckley’s sentence was a legal sentence, as it falls well short of the “maximum sentence allowed under the statute — one day less than life.” Miss.Code Ann. § 97-B-79 (Rev.2006). We find no error in the sentence imposed by the trial judge as it was not excessive or disproportionate. This argument is without merit.
¶ 14. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.