BARNES, J.,
for the Court:
¶ 1. Terrance Daryll Rustin appeals the DeSoto County Circuit Court’s dismissal of his motion for post-conviction relief (PCR). Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. A confidential informant for the DeSoto County Sheriffs Department made a controlled buy of cocaine from Rustin on November 15, 2010. Rustin was indicted on August 10, 2011, for the sale of a controlled substance under Mississippi Code Annotated section 41-29-139 (Rev.2009), as a habitual offender. As part of a plea agreement, Rustin pleaded guilty to the charge on November 22, 2011, and was sentenced as a non-habitual offender to fifteen years in the custody of the Mississippi Department of Corrections, ten years of post-release supervision, and fines.
¶ 3. On August 2, 2012, Rustin filed a PCR motion, alleging: (1) “unlawful or illegal use of a probationer as a confiden *273 tial informant”; (2) failure to provide video evidence of the alleged drug transaction; (3)the unlawful admission of certain evidence; and (4) ineffective assistance of counsel. The circuit court dismissed the motion, finding that Rustin had provided no proof or affidavits in support of his motion. Further, the circuit court noted that Rustin had pleaded guilty, thus waiving all non-jurisdictional rights or defects that are incident to trial.
¶4. On appeal, we affirm the circuit court’s dismissal.
STANDARD OF REVIEW
¶ 5. Under Mississippi Code Annotated section 99-39-11(2) (Supp.2012), a circuit court may summarily dismiss a PCR motion “if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” “[Dismissal of a PCR motion is proper where it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” O’Cain v. State, 120 So.3d 482, 484 (¶ 7) (Miss.Ct.App.2013) (quoting Anderson v. State, 89 So.3d 645, 649 (¶ 5) (Miss.Ct.App.2011)).
¶ 6. A circuit court’s dismissal of a PCR motion will not be disturbed on appeal “unless it is clearly erroneous.” Holder v. State, 69 So.3d 54, 55 (¶ 4) (Miss.Ct.App.2011) (citing Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004)). Issues of law, however, are reviewed de novo. Id. To succeed on appeal, the mov-ant must: “(1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive.” Buckley v. State, 119 So.3d 1171, 1173 (¶ 3) (Miss.Ct.App.2013) (citing Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999)).
DISCUSSION
I. Whether it was unlawful to use a probationer as a confidential informant.
¶ 7. Rustin contends that because the confidential informant was not allowed to possess or use controlled substances due his status as a convicted felon and probationer, the “drug buy was illegal or unlawful!.]” Rustin also claimed that the use of the informant constituted a type of “entrapment.”
¶ 8. Rustin’s claim is procedurally barred because he pleaded guilty to the charge. If a defendant pleads guilty to committing the charged offense, “he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.” Jackson v. State, 122 So.3d 1220, 1228 (¶ 36) (Miss.Ct.App.2013) (citing Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)).
¶ 9. This Court addressed this identical argument in Young v. State, 919 So.2d 1047, 1049 (¶ 5) (Miss.Ct.App.2005), and held that Melinda Young’s allegation— “that it was improper for a probationer to participate in the purchase of drugs as a confidential informant” — was without merit, since the informant’s testimony had not been admitted as evidence against Young due to her guilty plea. Id. Accordingly, we find that Rustin’s claim has no merit.
II. Whether the circuit court erred by not allowing Rustin to view the videotape of the drug sale.
1110. Rustin argues that video evidence of the drug transaction existed, which was withheld from evidence, and the failure to allow him to view the video was unconstitutional. As already noted, Rustin *274 entered a guilty plea; so this issue is barred from review.
¶ 11. Nevertheless, we find no merit to this issue raised by Rustin. His argument is akin to a claim of a violation under Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), where the United States Supreme Court held “that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.”
However, [i]n order to establish a Brady violation, the defendant must show: (1) that the State possessed evidence favorable to the defendant; (2) that the defendant did not possess the evidence and could not have obtained it himself with reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different.
Howell v. State, 989 So.2d 372, 378-79 (¶ 14) (Miss.2008) (citations omitted).
¶ 12. Other than his bare assertions, Rustin has failed to show that this video evidence, if it even exists, was favorable to his defense or that the outcome of the proceedings would have been different had he been shown the video evidence.[1] Mere assertions by a movant that facts exist that would entitle him to relief, “do[ ] not automatically entitle the movant to a hearing.” Simmons v. State, 784 So.2d 985, 988 (¶ 9) (Miss.Ct.App.2001). “Rather, ... the movant is required, by affidavit or otherwise, to demonstrate that there is, in actuality, competent evidence available tending to establish those facts that would entitle the movant to some form of relief.” Id. Rustin has not offered any competent evidence to support his claim.
III. Whether false evidence was used to obtain Rustin’s conviction.
¶ 13. Rustin also claims that the evidence of the drug-buy money and drug paraphernalia was “false evidence.”[2] However, “a valid guilty plea “waives any evidentiary issue.’ ” Buckley v. State, 119 So.3d 1171, 1173 (¶ 6) (Miss.Ct.App.2013) (quoting Jefferson v. State, 855 So.2d 1012, 1014 (¶ 11) (Miss.Ct.App.2003)); see also Williams v. State, 126 So.3d 992, 998 (¶ 19) (Miss.Ct.App.2013) (Entry of a guilt plea waives “evidentiary issues, including sufficiency of evidence.”). Moreover, as already noted, Rustin entered a guilty plea, so no evidence was admitted against him. Rustin has not provided any support for his claims. Therefore, we find that his contentions regarding false evidence are both proeedurally barred and without merit.
IV. Ineffective Assistance of Counsel
¶14. Although a guilty plea does not waive the right to effective assistance of counsel as it relates to the voluntariness of the plea, the movant must show that without counsel’s errors, he would not have pleaded guilty. Hill v. State, 60 So.3d 824, 827 (¶¶ 5-6) (Miss.Ct.App.2011). Again, Rustin has failed to provide any evidence, other than his own statements, to support his ineffective-assistance-of- *275 counsel claim. “In cases involving post-conviction collateral relief, where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.” Jannice v. State, 65 So.3d 346, 348 (¶ 6) (Miss.Ct.App.2011) (quoting Cherry v. State, 24 So.3d 1048, 1051 (¶ 6) (Miss.Ct.App.2010)).
¶ 15. At his plea hearing, the circuit judge asked Rustin if he had any complaints against defense counsel and if he was satisfied -with counsel’s services. Rus-tin responded affirmatively. Although Rustin contends that counsel’s errors “trickfed]” him into pleading guilty, the record refutes this claim.
THE COURT: Mr. Rustin, [is it] your decision or [your counsel’s] decision for you to enter a plea of guilty?
DEFENDANT RUSTIN: Mine, sir.
Rustin’s signed petition to enter his guilty plea provided: “I offer my plea of ‘guilty’ freely and voluntarily and of my own accord and with full understanding of all matters set forth in the indictment herein and in this Petition, and this plea is with the advice and consent of my lawyer.”
¶ 16. Accordingly, we find no merit to this claim and affirm the circuit court’s judgment.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.

. While the record reflects that law enforcement conducted surveillance of the drug buy, there is no definitive evidence before this Court that video footage of the transaction exists.

. Rustin contends that the drug paraphernalia listed in the sheriff’s evidence log, which he claims was used to obtain his conviction, actually belonged to the confidential informant.