# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CP-00051-COA

**DERRICK BRAXTON**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

DATE OF JUDGMENT:              12/04/2024
TRIAL JUDGE:                          HON. GERALD W. CHATHAM SR.
COURT FROM WHICH APPEALED:    DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        DERRICK BRAXTON (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                                     BY: ALLISON ELIZABETH HORNE
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 03/31/2026
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., WEDDLE AND LASSITTER ST. PÉ, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1.     Derrick Braxton appeals from the order of the DeSoto County Circuit Court denying his motion for post-conviction collateral relief (PCR). Finding no error, we affirm the circuit court's order.

## FACTS

¶2.     Braxton pled guilty as a nonviolent habitual offender to one count of possessing more than two grams but less than ten grams of cocaine with the intent to sell. The circuit court remanded Braxton's six other indicted counts to the files and sentenced him as a nonviolent habitual offender to serve seventeen years in the custody of the Mississippi Department of Corrections. Braxton subsequently filed a pro se "Petition for an Order to Show Cause."

Although Braxton claimed he was not attacking the legality of his sentence, the substantive portion of his petition sought relief from his conviction and sentence. Braxton not only argued that he was improperly required to post two separate appearance bonds (one following his arrest in 2020, and the second after his indictment in 2022), but he also asserted multiple challenges to the proof underlying his conviction.

¶3. After determining that Braxton had asserted claims cognizable under the Uniform Post-Conviction Collateral Relief Act, the circuit court treated Braxton's filing as a PCR motion. The circuit court first noted that Braxton appeared to mistakenly believe that his 2020 appearance bond had been improperly revoked. Instead, the circuit court explained that the appearance bond had initially covered only the one charge stemming from Braxton's 2020 arrest, and in accordance with Mississippi Rule of Criminal Procedure 8.7(a), the bond was later modified due to Braxton's 2022 indictment, which had charged additional crimes with enhancements.[1]

¶4. The circuit court next noted that Braxton alleged certain statements by a confidential informant were untrue and that an unreasonable amount of time had passed between his

_____

[1] Mississippi Rule of Criminal Procedure 8.7(a) states the following:

An appearance bond or release order issued to assure the defendant's presence for proceedings following the filing of a charging affidavit shall automatically be transferred to the same, related, or lesser charge subsequently prosecuted by indictment unless, following indictment, the judge presiding, for good cause, shall order revocation or modification of the conditions of release, as provided in Rule 8.6(a) and (b).

arrest and the execution of a search warrant for his home. The circuit court concluded, however, that by entering his guilty plea—the validity of which Braxton did not challenge—Braxton waived these arguments regarding any alleged defects in the evidence underlying his conviction. After determining that Braxton's claims lacked merit, the circuit court entered an order denying the PCR motion. Aggrieved, Braxton appeals.

## STANDARD OF REVIEW

¶5. In reviewing "a circuit court's dismissal or denial of a PCR motion, we decline to reverse unless the circuit court's decision is clearly erroneous. We review questions of law de novo." *Farris v. State*, 394 So. 3d 1028, 1030 (¶4) (Miss. Ct. App. 2024) (citations and internal quotation marks omitted).

## DISCUSSION

¶6. "[I]t is well established that a pleading cognizable under the Uniform Post-Conviction Collateral Relief Act (UPCCRA) will be treated as a PCR motion that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." *Pickle v. State*, 351 So. 3d 464, 466 (¶4) (Miss. Ct. App. 2022) (citation and internal quotation mark omitted). The State points out that although Braxton's petition for a show-cause order primarily attacked the propriety of his second appearance bond, his requested relief was for the circuit court to "reinstate[]" his case "to the only indictment in this [matter]." Moreover, on appeal, Braxton appears to take no issue with the circuit court's treatment of his petition as a PCR motion. In fact, Braxton asks this Court to

3

remand his case to the circuit court to allow him to withdraw his guilty plea. Given Braxton's requested relief and his apparent confirmation that he intended to file a PCR motion, we find no error in the circuit court's treatment of Braxton's filing. *See Copple v. State*, 196 So. 3d 189, 193 (¶13) (Miss. Ct. App. 2016) ("Considering the nature of Copple's claim, the relief he sought, and his stated intent to file a PCR motion, his complaint for discovery was subsumed by the UPCCRA.").

¶7. For the first time on appeal, Braxton alleges that his guilty plea was involuntary and that his trial attorney provided ineffective assistance. "Issues not raised in a [PCR] motion[,]" however, "are procedurally barred on appeal." *Roberts v. State*, 402 So. 3d 192, 194 (¶6) (Miss. Ct. App. 2025) (quoting *Bland v. State*, 312 So. 3d 417, 419 (¶11) (Miss. Ct. App. 2021)). Braxton failed to raise these issues before the circuit court; therefore, they are clearly procedurally barred. *Id.* As a result, we decline to further address them.

¶8. Because Braxton pled guilty to his indicted charge and is procedurally barred from attacking the validity of that guilty plea for the first time on appeal, he has waived "all non-jurisdictional rights or defects that are incident to trial." *Winters v. State*, 359 So. 3d 242, 247 (¶12) (Miss. Ct. App. 2023). Thus, Braxton's PCR claim challenging the proof underlying his conviction is also barred. As our caselaw clearly holds, "a valid guilty plea waives any evidentiary issue." *Rustin v. State*, 138 So. 3d 270, 274 (¶13) (Miss. Ct. App. 2014) (internal quotation marks omitted).

¶9. In his remaining issue on appeal, Braxton alleges that the revocation of his initial

4

appearance bond violated his right against double jeopardy and his right to due process. As the State correctly notes, however, "Braxton's complaint about [the] posting [of] two appearance bonds is purely a pretrial procedural grievance, and such non-jurisdictional issues cannot form the basis for [PCR] following a guilty plea." Indeed, our caselaw holds that when "a defendant pleads guilty to committing the charged offense, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* at 273 (¶8) (internal quotation mark omitted). Because Braxton failed to raise any alleged pretrial violations of double jeopardy and due process prior to entering his guilty plea, we find that the entry of his valid guilty plea procedurally bars these claims on appeal.

¶10. Notwithstanding this procedural bar, we agree with the circuit court that Braxton is simply factually mistaken about the revocation of his 2020 appearance bond. As the record reflects and as the circuit court explained in its order, Braxton's initial appearance bond only applied to the single charge stemming from his 2020 arrest. Under Mississippi Rule of Criminal Procedure 8.7(a), Braxton's appearance bond was later modified (not revoked) to include the additional crimes with enhancements charged in his 2022 indictment. We therefore find no error in the circuit court's decision to deny this claim.

## CONCLUSION

¶11. Finding no error, we affirm the circuit court's order denying Braxton's PCR motion.

¶12. **AFFIRMED.**

5

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND LASSITTER ST. PÉ, JJ., CONCUR.**